IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  05-10221-02-WEB |
| ) | |
| STEPHANIE P. HOPPER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### **Memorandum and Order**

This matter came before the court on defendant Stephanie Hopper's Motion to Dismiss Counsel and Motion to Appoint New Counsel (Docs. 19 & 25). The court held a hearing on the matter on January 23, 2006 and heard from the defendant concerning her reasons for the request. The court orally denied the motion at the conclusion of the hearing. This written memorandum will supplement the court's oral ruling.

Defendant's motion states that she and her appointed attorney, Ms. Schmidt, "have an unreasonable difference of opinion concerning the present case" and that "it is the counsel's job to represent the defendant, not deal and trade with the prosecutor concerning the defendant's innocence or guilt as a commodity." Doc. 19. Defendant complains that she feels like counsel "is against me not for me" and "she's already made her mind up on guilt/[innocence]" and "doesn't want to listen...." Doc. 25. Defendant explained to the court at the January 23rd hearing that she feels there is a "personality conflict" between her and appointed counsel.

Although the Sixth Amendment provides defendants with the right to counsel in criminal cases, a defendant is not entitled to appointed counsel of her own choosing. *See United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir.1988). Nor is a defendant entitled to an attorney who agrees with the defendant's interpretation of the law. *See United States v. Olson*, 961 F.2d 221, 1992 WL 78081 (10th Cir.1992).

When a defendant requests a substitution of appointed counsel, the district court should make a formal inquiry into the defendant's reasons (unless the reasons are apparent from the record). *See United States v. Anderson*, 189 F.3d 1201, 1210 (10th Cir.1999). To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict. *Id*. "Good cause" for substitution of counsel requires more than a mere disagreement about trial strategy. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir.2002).

As the court explained to the defendant at the January 23rd hearing, any defendant has the right to a jury trial, and if the defendant wants a trial in this case, Ms. Schmidt will represent her at trial. However, any attorney who failed to at least make an inquiry into what sort of plea bargain the Government would offer would not be doing her job. The attorney is responsible for seeing that the defendant is aware of all her options, including the option of plea-bargaining. This does not mean the attorney is failing to properly represent the defendant or is working against her. Moreover, although it is up to the defendant to make the final decision about whether or not to go to trial, the attorney has an obligation to offer the defendant an unvarnished opinion as to what option is in her best interest, even if the defendant does not like the attorney's recommendation. It is clear from the record that when the defendant says that counsel "doesn't want to listen," she means that her counsel is making recommendations or giving advice with which the

defendant does not agree. There is no credible evidence that counsel will not listen to what the defendant has to say or will not communicate with her about the proceedings. In fact, the record and the court's own observations show the opposite. The fact that the defendant does not agree with the advice of her counsel, however, is not a basis for dismissing counsel or appointing a new attorney. Under the circumstances, the court finds that no showing of good cause has been made, and the defendant's motion to dismiss counsel will therefore be denied.

*Conclusion*.

Defendant's Motion to Dismiss Counsel (Doc. 19) and Motion to Appoint New Counsel (Doc. 25) are DENIED. IT IS SO ORDERED this __24th__ Day of January, 2006, at Wichita, Ks.

s/Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge